In the Matter of CAMPHILL VILLAGE, U. S. A., INC., Appellant, v. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal from a determination of the Workmen's Compensation Board holding that appellant is subject to the provisions of the Disability Benefits Law (Workmen's Compensation Law, §§ 200–242). Appellant, a nonprofit membership corporation licensed as a mental institution under the Mental Hygiene Law, provides rehabilitation for mentally handicapped children and adults, 16 years of age and older. In carrying out its endeavors groups of handicapped individuals live together with house parents, called "co-workers", who direct and assist them in carrying out various household and instructional activities. The issue here is the propriety of the board's finding that these "co-workers" are employees of appellant and that therefore the appellant is subject to the Disability Benefits Law. Concededly the co-workers receive no specific salary. They are, however, provided with Blue Cross, Blue Shield and Workmen's Compensation coverage and each household is allocated $600 a month for food, heat, light, fuel, electricity, clothing, medical requirements and personal needs. While the co-workers are not subject to direct supervision and serve without a formal contract of hire, the board could properly find that receipt of the necessities of life and fringe benefits above alluded to are a *quid pro quo* for services rendered on behalf of the appellant and that such necessities as are here involved constitute wages within the meaning of the statute (Workmen's Compensation Law, § 201, subd. 12; Disability Benefits Law, reg. 26, subds. [a], [b]; 12 NYCRR 357.1 [a], [b]). Furthermore, it is clear that while charitable motives presumably dictate the co-workers undertaking these endeavors they are neither unemployed nor independent contractors but rather they earn their livelihood, however meager it may be, by their activities on behalf of appellant. Nor do these co-workers fall within the exemption provided by subdivision 5 of section 201 of the Workmen's Compensation Law. It is not even claimed that they are "engaged in a professional or teaching capacity" and while appellant is undisputably a charitable or educational institution, the board could properly find that the co-workers despite their self characterization as volunteers, were not "volunteers" within the meaning of subdivision 5 of section 201. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in a memorandum decision by Reynolds, J.